UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN DOE,<br><br>            Plaintiff,<br>   v.<br><br>TRUSTEES OF DARTMOUTH COLLEGE,<br><br>        Defendant. | Civil Action No.: 1-19-cv-000013-JL |

**MOTION FOR TEMPORARY RESTRAINING ORDER OR OTHER
MISCELLANEOUS RELIEF AND REQUEST FOR IMMEDIATE HEARING**

Plaintiff John Doe, by and through his attorneys, Shaheen & Gordon, P.A., hereby moves

for the issuance of a temporary restraining order requiring defendant Trustees of Dartmouth

College ("Dartmouth") to provide academic accommodations to John that would allow him to

maintain an academic schedule in the event that the Court grants his Motion for Preliminary

Injunction following the January 24, 2019 hearing on same.  John also requests an immediate

hearing on this Motion, given that every day that passes while he is unable to participate in

classes puts him further behind should he obtain injunctive relief.  In accordance with Fed. R.

Civ. P. 65 and LR 65.1, John is filing a Proposed Temporary Restraining Order

contemporaneously herewith.  In support of this Motion, John states as follows:

**Background**

1.      On January 7, 2019, John filed a Verified Complaint (Doc. 1) against Dartmouth,

bringing claims for Violation of Title IX, Breach of Contract, Breach of Implied Covenant of

Good Faith and Fair Dealing, and Negligence related to Dartmouth's unfair and procedurally-

deficient investigation of an allegation that John sexually assaulted another student, which

culminated in a finding against John and his expulsion from Dartmouth following the conclusion of the Fall 2018 Term.[1]

2.      John also filed his Motion for Preliminary Injunction ("PI Motion") (Doc. 4) and supporting Memorandum of Law ("Memo") (Doc. 4-1) contemporaneously with his Verified Complaint, seeking to enjoin his expulsion pending a decision from Dartmouth on John's appeal of its expulsion, or, if Dartmouth denies his appeal, pending the outcome of this case.  In the interest of not burdening the Court with additional filings, John incorporates by reference his Memo and the arguments presented therein.

### Court's January 9 Telephonic Conference

3.      On January 9, 2019, the Court held a telephonic conference with counsel for the parties.  An attorney from Dartmouth's Office of the General Counsel were also in attendance.

4.      The Court scheduled a preliminary injunction hearing for January 24, 2019 following the deadline for Dartmouth's objection to the PI Motion.

5.      During the conference, John's counsel raised the issue of obtaining academic accommodations for John from Dartmouth pending the hearing on January 24 that would allow John to return to classes without falling too far behind should the Court grant the preliminary injunction.  John is currently enrolled – and has paid tuition for – three courses for the Winter Term: Econometrics (a required course for his degree in economics); Sports, Ethics, and Religion; and Greek Classical Archaeology: City-States and Panhellenic Sanctuaries.  As counsel explained during the conference, if the preliminary injunction is granted but no academic

---

[1] On December 19, 2018, John has filed an appeal of Dartmouth's finding and the expulsion.  As of the date of filing, Dartmouth has not provided notice of a decision.  John also requested that he be allowed to remain on campus and attend classes pending a decision on his appeal, but his request was denied notwithstanding a Dartmouth policy that would allow for him to remain on campus pending appeal. Unified Disciplinary Procedures at V.B.6.d., available at https://student-affairs.dartmouth.edu/policy/unified-disciplinary-procedures-sexual-assault.

accommodations are offered by Dartmouth, John would return to classes having missed the first three weeks. While John is reasonably confident that he could still complete the term despite this setback, it would still put him at a disadvantage and would significantly hinder his ability to perform as well as he has in previous terms.[2] This is especially so because attendance and class participation are considered in grading for each of John's three courses.

6.      Without indicating favor or support for any position or argument, the Court encouraged the parties to try to work out an agreement for accommodations that would permit John to participate in or at least keep up with his classes pending a decision on the PI Motion. The Court instructed the parties to confer about a potential arrangement and provide notice by Friday, January 11, 2019 about whether an arrangement had been agreed to.

### Dartmouth's Refusal to Agree to Any Arrangement

7.      In its Procedural Order issued after the conference (Doc. 12), the Court stated: "The court encourages the parties to agree on an arrangement that will enable the plaintiff to remotely (from outside campus) maintain an academic schedule in order to timely complete winter term should injunctive relief be granted."

8.      In accordance with the Court's instruction, counsel for John reached out to Counsel for Dartmouth to discuss potential accommodations. Counsel for John proposed the following accommodations, based on what John felt would be feasible and helpful: a) having the classes filmed live, allowing John to see and hear lectures remotely and take his own notes; b) alternatively, video and/or audio recording the classes and making the recordings available to

---

[2] Despite his expulsion, Dartmouth has retained the amounts paid for John's tuition for the Winter Term. In the event that John is afforded no interim academic accommodations but ultimately does obtain preliminary relief and returns to class, there is a risk that he would be too far behind to successfully complete all of his classes. In the event that he fails one or more classes, Dartmouth would have been paid and would have accepted tuition money for those classes, but through its refusal to provide any accommodations, raise the significant risk that John would need to re-take the course (at least in the case of his econometrics course), at his additional expense.

John so he could watch them, but not live; c) alternatively, hiring a note-taker (at John's

expense) to attend the classes and take notes for John; d) providing course syllabi and materials

so that John could at least keep up with reading and assignments, even if he would be unable to

watch lectures; or e) allowing John to submit assignments for full credit, either in real time as

they are due[3] or upon reinstatement following the receipt of injunctive relief from the Court.

Any of these reasonable accommodations would also require Dartmouth to ensure that John's

absence from classes would not be held against him by any of his professors.

9.      On January 10, 2019, counsel for Dartmouth expressed Dartmouth's position that

it will provide no accommodation of any type for John pending a decision on the PI Motion.

Dartmouth is also unwilling to provide any assurances that John's absence from class won't be

held against him if he is able to complete the term after obtaining injunctive relief.  In short,

Dartmouth is refusing to agree to any "arrangement that w[ould] enable [John] to remotely (from

outside campus) maintain an academic schedule in order to timely complete winter term should

injunctive relief be granted."

10.     Accordingly, John is forced to submit this motion and request a temporary

restraining order requiring Dartmouth to provide such an arrangement.

**John is Entitled to a Temporary Restraining Order Requiring Dartmouth to Provide Academic Accommodations**

11.     The standard for obtaining a temporary restraining order is identical to the

standard for a preliminary injunction. Nw. Bypass Grp. v. U.S. Army Corps of Engineers, 453 F.

Supp. 2d 333, 337 (D.N.H. 2006) ("To determine whether to issue a temporary restraining order,

this Court applies the same four-factor analysis used to evaluate a motion for preliminary

---

[3] John currently maintains full access to Dartmouth's "Canvas" website, through which students submit the vast majority of assignments and on which grades are displayed.  He would be able to submit assignments through this website if permitted by Dartmouth.

injunction.").  John is entitled to a temporary restraining order to obtain the requested academic accommodations for largely the same reasons he is entitled to a preliminary injunction, as presented in his Memo.  Additionally, as explained herein, and as the Court noted during the January 9 conference, if John is forced to return to classes after missing three weeks and without assurances that his absence will not be held against him, it places a significant burden on him and would substantially impair his ability to "timely complete winter term should injunctive relief be granted."  Dartmouth has refused to stay the sanction of expulsion pending appeal notwithstanding a rule that specifically allows for it.  See Unified Disciplinary Procedures at V.B.6.d., available at https://student-affairs.dartmouth.edu/policy/unified-disciplinary-procedures-sexual-assault.  Now, Dartmouth refuses to provide any accommodation despite a Court Order encouraging the parties to agree on an arrangement that will enable John to remotely maintain an academic schedule.  Dartmouth's tactics are an attempt to preemptively vitiate any relief that the Court may grant at the January 24, 2019 hearing.

12.    For these reasons, John requests that the Court issue a temporary restraining order requiring Dartmouth to: 1) allow John to access all course materials; 2) allow John to attend classes remotely through video conferencing or hire, at his own expense, one or more note-takers to take notes during classes and provide said notes to John; 3) allow John to complete and submit assignments as they come due or upon reinstatement; 4) ensure that John's physical absence from classes not be held against him by any professor; and 5) provide any other accommodation that in the Court's judgment "w[ould] enable [John] to remotely (from outside campus) maintain an academic schedule in order to timely complete winter term should injunctive relief be granted."

### John Requests an Immediate Hearing

13.     John requests an immediate hearing on this Motion in order to prevent further delay of his ability to participate in his classes and avoid falling too far behind.

14.     As the Court is aware, counsel for Dartmouth is on vacation beginning on January 12.  Should the Court schedule a hearing during the week of January 14, John assents to Dartmouth's counsel being permitted to attend telephonically, or to simply holding a telephonic hearing.

15.     Because pertinent argument and authority is cited herein, no memorandum of law if attached to this Motion.

16.     Per Local rule 7.1(c), Dartmouth objects to the relief sought herein.

WHEREFORE, John Doe respectfully requests that this Court:

A.     Grant this Motion;

B.     Schedule and hold an immediate hearing on this Motion;

C.     Issue a temporary restraining order substantially in conformance with the proposed order filed contemporaneously herewith; and

D.     Award any such further relief as the Court deems just and proper.

Respectfully submitted,


Date: January 10, 2019                    /s/ William E. Christie
                                          WILLIAM E. CHRISTIE
                                          NH Bar #11255
                                          S. AMY SPENCER
                                          NH Bar #266617
                                          ALEXANDER W. CAMPBELL
                                          NH Bar# 268958
                                          SHAHEEN & GORDON, P.A.
                                          107 Storrs Street
                                          Concord NH 03302
                                          (603) 225-7262
                                          wchristie@shaheengordon.com
                                          saspencer@shaheengordon.com
                                          acampbell@shaheengordon.com

                                          *Attorneys for plaintiff John Doe*


## CERTIFICATE OF SERVICE

I, William E. Christie, hereby certify that a copy of the foregoing document shall be served electronically on all parties or their counsel through the Court's CM/ECF system.



                                          */s/ William E. Christie*
                                          William E. Christie