UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 19-cv-000013-JL |
| v. ) | |
| ) | |
| TRUSTEES OF DARTMOUTH ) | |
| COLLEGE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF SALLY SMITH'S LIMITED MOTION TO INTERVENE TO OPPOSE JOHN DOE'S MOTION FOR EXPEDITED TRIAL CONSIDERATION**

Pursuant to Federal Rule of Civil Procedure 24, interested third party, Sally Smith ("Ms. Smith"), by and through her attorneys, Brennan Lenehan and Andrus Wagstaff, PC, respectfully offers this Memorandum of Law in Support of her Limited Motion to Intervene to Oppose John Doe's Motion for Expedited Trial Consideration. Intervention is warranted as of right because Ms. Smith cannot be fully represented or protected by the parties and this interest will be impaired if she is not permitted to intervene. *See* Fed. R. Civ. P. 24(a)(2). In the alternative, Ms. Smith should be granted leave to intervene because she has a claim that shares common questions of law or fact. *See* Fed. R. Civ. P. 24(b)(1). Trustees of Dartmouth College ("Dartmouth") assent to this motion.

While Doe seeks to persuade this Court to move forward in an unprecedented, expedited manner in an to attempt protect his ability to graduate timely, he ignores entirely the impact not only that his past actions have had on Ms. Smith, but the crippling effects that an expedited trial would have on her education and emotional well-being. Dartmouth

1

makes strong, meritorious arguments in opposition to Doe's motion, but the college is equally unable to articulate Ms. Smith's objections and protect her interest when opposing Doe's motion. To avoid impairing the interest of Ms. Smith and to ensure that her interests are fully protected, Ms. Smith respectfully requests that this honorable Court grant her Limited Motion to Intervene in this matter.

I. RELEVANT BACKGROUND

On January 7, 2019, John Doe filed a Complaint (Doc. 1) against the Trustees of Dartmouth College alleging breach of contract, among other claims, based upon Dartmouth's investigation and decision to expel Doe for finding Ms. Smith's allegations that he sexually assaulted her meritorious. Throughout the Complaint, Doe criticizes and mischaracterizes Ms. Smith's actions during the investigation, making it apparent that Doe will seek to have Ms. Smith involved in his litigation with Dartmouth. Ms. Smith intends to aggressively oppose any such involvement in this litigation and hereby is seeking the opportunity to intervene to oppose to expediting Doe's case to trial.

Without addressing the baseless allegations and misrepresentations in Doe's Complaint at this time, it is important for the Court to have an understanding as to how any expedited trial schedule will harm Ms. Smith. Ms. Smith is a Pre-Med, Biology major with a minor Women's Studies. Her major and minor require her to complete a significant number of courses on extremely challenging subjects, including Chemistry, Organic Chemistry, multiple Biology courses and laboratories and six Women's Studies courses. *See* Sally Smith's Pre-requisites attached at Exhibit A. Ms. Smith's schedule barely allows time for her eat between classes and laboratories and her spring schedule will be the same. *See* Sally Smith's Academic attached at Exhibit B. Ms. Smith has been taking 4 courses

2

per quarter, where the norm is 2-3 courses, as she is working towards early graduation, with commencement on June 9, 2019. Once Ms. Smith graduates in June, she will return to her home out of state. Should Doe's motion be granted, it will be impossible for Ms. Smith to graduate early and return home.[1] Leaving Hanover, NH, a place where surrounded with the horrific memories and continued distress, is critically important to Ms. Smith and no party to this action is able to protect her interests, warranting intervention.

It should go without saying that Doe's lawsuit with Dartmouth, which has been publicized in the news and the Dartmouth College newspaper, has been very distressing and emotionally taxing on Ms. Smith. The psychological and emotional impact of re-victimization through the legal system has long been understood and recognized in the psychology community.[2] Denying Ms. Smith the ability to intervene and protect her interests would exacerbate the emotional distress that she is experiencing as a direct result of this lawsuit.

## II. ARGUMENT

### A. Smith Should be Permitted to Intervene as a Matter of Right

Federal Rule of Civil Procedure 24(a)(2) provides that a court must permit intervention on timely application by anyone: (1) who "claims an interest relating to the property or transaction that is the subject of the action," and (2) whose interest may be "impair[ed] or impede[d]" by disposition of the action, "unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). This Rule is "broadly construed in favor

---

[1] Being unable to graduate in June, 2019 will also have significant financial impact on Ms. Smith, as evidenced in her tuition bills and payments due to the Dartmouth, totally nearly $18,000 per quarter. *See* Sally Smith's Tuition Expenses attached as Exhibit C.
[2] *See e.g. Psychological Effects of Victimization: Implications for the Criminal Justice System* (1987) at https://journals.sagepub.com/doi/abs/10.1177/001112878703300404.

3

of potential intervenors," who must be permitted to intervene if: "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Conservation Law Vound. Of New England v. Mosbacher*, 966 F.2d 39, 41 (1st Cir. 1992). Smith meets each of these requirements for intervention as of right.

1. **Ms. Smith's Motion is Timely.**

Four factors are to be considered in evaluating the timeliness of an intervention motion: (1) the length of time the prospective intervenors knew or reasonably should have known of their interest before they petitioned to intervene; (2) the prejudice to existing parties due to the intervenor's failure to petition for intervention promptly; (3) the prejudice the prospective intervenors would suffer if not allowed to intervene; and (4) the existence of unusual circumstances militating for or against intervention. *Culbreath v. Dukakis*, 630 F.2d 15, 17, 20–24 (1st Cir.1980).

Here, the case is still at the earliest stage, having been filed just 5 weeks ago. Ms. Smith only learned of her interest being affected by this litigation a few days ago, when she learned that Doe moved for an expedited trial schedule. Dartmouth has neither answered nor moved to dismiss. No scheduling order has been entered. No factual or legal issues have been litigated. No discovery has taken place. Moreover, there is no prejudice to the parties due to the timing of Smith's limited intervention, as there was no earlier time where intervening was necessary. Ms. Smith, to the contrary, would be extremely prejudiced if she is not able to intervene and address her interests with the Court. Ms. Smith

4

has notified the parties of her intent to intervene, and while Doe will oppose it, Dartmouth assented to it. Ms. Smith's motion is timely and her request to intervene should be granted.

## 2. Ms. Smith Has a Substantial Legal Interest in the Subject Matter of This Case.

The First Circuit construes the term "interest" as requiring a showing of a "significantly protectable interest" and analyzes the elements of Rule 24(a) "in keeping with a commonsense view of the overall litigation." *Students for Fair Admissions v. President and Fellows of Harvard College*, 308 F.R.D. 39 (*citing Patch,* 136 F.3d at 204-205). Ms. Smith's interest is particularly strong here because there will be an attempt to drag her into the litigation between Doe and Dartmouth, having a significant detrimental impact on her academics and ability to graduate early and leave Hanover, NH and all the horrific memories behind. Commonsense would lead to the conclusion that Ms. Smith's interest in whether this matter proceeds on an expedited schedule is significant. Should Doe's motion be granted without her interests being heard, it will also cause her substantial, unwarranted, additional emotional distress. Ms. Smith has established that she has a substantial interest in the subject matter of this case.

## 3. Without Intervention, Ms. Smith's Interest will be Impaired.

Under the third intervention prong, "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997); *see also Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011) ("[I]ntervention of right does not require an absolute certainty that a party's interest will be impaired"). The advisory committee for Fed. R. Civ. P 24(a)(2) noted that if an applicant would be "substantially

5

affected in a practical sense by the determination made in an action, the applicant should as a general rule be entitled to intervene."

The trial and disposition of this case impacts Ms. Smith's interests on multiple levels. Not only does it impact her academic future and emotional well-being, it also could impact her potential civil and criminal claims available to her against various parties. While currently Ms. Smith only seeks limited intervention to oppose Doe's motion, it may be that a higher level of intervention is necessary in the future, as any adverse rulings or findings in this matter could have an effect on future litigation involving some of these parties. *See Miller*, 103 F.3d at 1245, 1247-48 (finding impairment of interest where Michigan Chamber of Commerce argued that "the precedential effect of an adverse ruling . . . could hinder its own efforts to litigate the validity of Michigan's system for regulating campaign finance"); *Ceres Gulf*, 957 F.2d at 1204 ("[D]enying intervention impairs, if not prevents, the ability to provide his interpretation of the law ... and would be harmful in allowing a precedent, reached without his input, on an important . . . issue."). Clearly Ms. Smith's interests will be impaired if not allowed to intervene.

**4. The Existing Parties Cannot Protect the Interest of Ms. Smith.**

Ms. Smith carries a minimal burden to show that the existing parties to this litigation inadequately represent her interests. *Jordan v. Mich. Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000); *see also Daggett v. Commission on Gov. Ethics & Election Prac.* 172 F. 3d 104, 110 (1st Cir. 1999). A potential intervenor "need not prove that the [existing parties'] representation will in fact be inadequate, but only that it 'may be' inadequate." *Jordan, supra.* (citations omitted). Ms. Smith satisfies this burden.

6

The existing parties cannot represent Ms. Smith's views and are not able to make all of the arguments Ms. Smith would make upon intervention to protect her interests, as evidence by the motion and objection filed with this Court. Neither Doe nor Dartmouth addressed the crippling affect that granting the motion would have on Ms. Smith. Neither addressed her academic schedule and emotional well-being. Furthermore, if this matter proceeds with discovery to which Ms. Smith may be subject, neither party is able to adequately represent her interests in quashing any attempt at involving her in this dispute between Doe and the college. It is evident from the filings in this matter alone, that Doe and Dartmouth cannot provide Ms. Smith adequate representation and that she is entitled to intervene.

B.  <u>Alternatively, Smith Should Be Allowed to Intervene By Permission</u>

Ms. Smith may also be granted leave to intervene by permission. The Court may likewise permit intervention by anyone who has "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The claims pending and ultimate outcome of this litigation share a common question of fact as the potential claims that exist for Ms. Smith against Doe and possibly others – specifically the legitimacy of the finding that her allegations of rape against Doe have been substantiated through an independent investigation and sanction of expulsion validly determined. The same substantial interests that gave Ms. Smith a right to intervene in this case under Rule 24(a)(2) also support permissive intervention under Rule 24(b). Ms. Smith's intervention will not delay or prejudice the adjudication of any party's rights, it will only allow her interests to be adequately protected – intervention is proper.

III.  CONCLUSION

7

For the foregoing reasons, Ms. Smith respectfully requests that the Court grant her Limited Motion to Intervene.

Dated: February 19, 2019

**RESPECTFULLY SUBMITTED,**
**SALLY SMITH,**
**By Her Attorneys,**

/s/ Jaye Rancourt
Jaye Rancourt #14235
Brennan Lenehan Iacopino & Hickey
85 Brook Street
Manchester, NH 03104
Phone (603) 668-8300
Fax (603-668-1029
jrancourt@brennanlenehan.com


And

Kimberly A. Dougherty, Esq.
ANDRUS WAGSTAFF, P.C.
19 Belmont Street
South Easton, MA 02375
Telephone: (508) 230-2700
Facsimile: (303) 376-6361
kim.dougherty@andruswagstaff.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to civil Local Rule 7.1(c), counsel for Sally Smith conferred in good faith with counsel for the parties to see if there was concurrence with regard to her intervening in the instant action. Counsel for the Defendant has assented to Ms. Smith's request/motion to intervene and Plaintiff does not assent.

## CERTIFICATE OF SERVICE

I certify that on February 19, 2019, I caused the foregoing document to be served on counsel of record for all parties that have appeared to date through the Court's CM/ECF system:

William E. Christie
S. Amy Spencer
Alexander William Campbell
Shaheen & Gordon
107 Storrs St.
PO Box 2703
Concord, NH 03302-2703

*For Plaintiff*

Daryl J. Lapp (admitted pro hac vice)
Elizabeth H. Kelly (admitted pro hac vice)
Katherine A. Guarino (N.H. #264846)
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100 telephone
(617) 227-4420 facsimile
daryl.lapp@lockelord.com
liz.kelly@lockelord.com
katherine.guarino@lockelord.com

*For Defendant*

/s/ Jaye Rancourt
Jaye Rancourt